UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JUSTIN RAY MILLER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    NO. 3:24-cv-00685 |
| | ) |
| **PUBLIC DEFENDER'S OFFICE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

# MEMORANDUM OPINION AND ORDER

Justin Ray Miller, a pretrial detainee confined at the Rutherford County Jail, has filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The Complaint alleges violations of Plaintiff's rights under the federal and state constitutions by the Rutherford County Public Defender's Office, the Rutherford County District Attorney's Office, and Rutherford County, Tennessee. (Doc. No. 1 at 3–5). Plaintiff alleges that the Public Defender's Office has been illegally representing him in a two-count criminal case, number 89771, because "the record in this case does not show a return of the indictment into open court," so Plaintiff "had no legal arraignment" and the Public Defender's Office is therefore laboring under a conflict of interest. (Id. at 7). He cites the same grounds as a basis for charging

3

the District Attorney's Office with "prosecutorial misconduct." (Id. at 8, 13). Finally, Plaintiff claims that these legal issues with his prosecution have resulted in his false imprisonment by Rutherford County, where his confinement without appropriate legal process amounts to cruel and unusual punishment. (Id. at 9). Plaintiff claims mental and emotional injuries and, as relief, seeks dismissal of Rutherford County Case Number 89771 and an award of damages. (Id. at 15–16; see also Doc. No. 6 (Motion to Dismiss Case No. 89771)).

In an amendment to the Complaint,[2] Plaintiff points out particular defects in each of his two counts of indictment and, on that basis, reasserts his claims and demand for relief against the three Defendants named in the Complaint. (Doc. No. 10). In a second attempt to amend the Complaint, Plaintiff seeks to add new defendants—the Murfreesboro Police Department, the Rutherford County Sheriff's Department, and defense attorney Charles G. Ward—each of whom he claims played a role in his arrest and detention without a warrant. (Doc. No. 11).

**C. Analysis**

Plaintiff does not plausibly claim relief under Section 1983 by challenging the legality of his indictment, arraignment, and detention on state criminal charges, nor can he win dismissal of those charges in this civil rights action. It is well settled that direct challenges to the validity of a detainee's continued confinement, as distinguished from the "circumstances" or conditions of his confinement, are not properly lodged under Section 1983 but are within the sole province of habeas corpus. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any

---

[2] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, an opening pleading may be amended "once as a matter of course," but thereafter may only be amended with the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(1)–(2). The Court considers Plaintiff's first amendment in this initial review but will deny his proposed second amendment on grounds of futility, as explained below. See Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010) ("a motion to amend may be denied where there is . . . futility of amendment") (citation and internal quotation marks omitted).

4

Case 3:24-cv-00685 Document 19 Filed 02/11/25 Page 4 of 8 PageID #: 158

confinement or to particulars affecting its duration are the province of habeas corpus."); Davenport v. Miller, No. 2:24-CV-2838, 2024 WL 4440971, at *2 (S.D. Ohio Oct. 8, 2024) (habeas corpus is sole remedy for detainee seeking nonmonetary relief based on defects in criminal pretrial proceedings), report and recommendation adopted, 2024 WL 4665665 (S.D. Ohio Nov. 4, 2024); Dothard v. Watson, No. 221CV01323LSCHNJ, 2023 WL 7179079, at *7 (N.D. Ala. Sept. 27, 2023) ("In seeking the dismissal of his pending federal criminal charges, Dothard necessarily challenges the fact or duration of his pretrial detention stemming from said charges. As such, his claims fall within the core of habeas corpus and are thus not cognizable when brought pursuant to § 1983[.]"), report and recommendation adopted, 2023 WL 7166806 (N.D. Ala. Oct. 31, 2023); Guzman v. Gadson, No. 1:21-CV-3135-MHC-RDC, 2021 WL 11718275, at *2 (N.D. Ga. Aug. 11, 2021) ("Plaintiff's § 1983 action must be dismissed as § 1983 is not available for a challenge seeking the dismissal of a criminal indictment."), report and recommendation adopted, 2021 WL 11718270 (N.D. Ga. Sept. 10, 2021).

Moreover, to the extent that Plaintiff indirectly challenges the validity of his confinement by claiming unconstitutional, malicious prosecution and seeking relief that is proper under Section 1983 but "unavailable in habeas, notably damages," Muhammad, 540 U.S. at 751, that claim cannot be pursued unless and until he achieves the favorable termination of the criminal prosecution. Gardner v. Morriss, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24, 2017) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)); see Sykes v. Anderson, 625 F.3d 294, 309 (6th Cir. 2010) (applying Heck's favorable termination rule in § 1983 action for malicious prosecution). Plaintiff effectively claims malicious prosecution in violation of his constitutional rights by asserting that the District Attorney's Office, the Public Defender's Office, and, behind them, Rutherford County itself, obstructed justice and interfered with "legal due

5

process" during his criminal proceedings to this point. (Doc. No. 1 at 7–9). To proceed with his claim to damages for these actions, Plaintiff must first win favorable termination of his criminal proceedings. Favorable termination is an element of a malicious prosecution claim and a precondition for its accrual, such that the claim "is not available" before criminal proceedings end in victory for the plaintiff. King v. Harwood, 852 F.3d 568, 578–79 (6th Cir. 2017); see McDonough v. Smith, 139 S. Ct. 2149 (2019). Because Plaintiff has not yet achieved such favorable termination,[3] he cannot yet pursue a malicious prosecution claim.

The Court notes that, although the Complaint does not name as defendants any individual prosecutors or defense attorneys, any attempt to do so would have been fruitless. Any prosecutors would be absolutely immune from suit under Section 1983 for conduct related to the initiation and presentation of the state's case, Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Howell v. Sanders, 668 F.3d 344, 349 (6th Cir. 2012), and any defense attorneys would not be suable under Section 1983 because they are not state actors. Polk County v. Dodson, 454 U.S. 312 (1981); White v. Robertson-Deming, 9 F. App'x 418, 420 (6th Cir. 2001).

Finally, as to Plaintiff's attempt to amend to name the Murfreesboro Police Department, the Rutherford County Sheriff's Department, and Attorney Ward (Doc. No. 11), any such amendment would be futile. As stated above, defense attorneys such as Ward are not suable defendants under Section 1983. Nor are police and sheriff's departments. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Campbell v. Cheatham Cnty. Sheriff's Dep't, 511 F. Supp. 3d 809, 825 n.12 (M.D. Tenn. 2021) (quoting Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010)

---

[3] Indeed, the Court takes judicial notice of the Rutherford County Online Court Records System, which reveals that Plaintiff's February 10, 2025 trial setting was continued, with a status hearing set for February 27, 2025. See https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=2A9336A8-E5C4-4778-9A87-E4D5961DC4DF&dsid=23e44664 (last visited Feb. 10, 2025).

("federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit")). And even if Plaintiff could discover and name individual officers as defendants, any claim for false arrest and/or false imprisonment (as distinct from malicious prosecution) would appear to be time-barred. A one-year statute of limitations applies to Section 1983 claims arising in Tennessee, per Section 28-3-104(a) of the Tennessee Code. Dibrell v. City of Knoxville, Tennessee, 984 F.3d 1156, 1161 (6th Cir. 2021); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiff's cause of action for false arrest/imprisonment would have accrued, and the statute of limitations would have begun to run, at the latest, when his detention without a warrant or other legal process ended and prosecution began—presumably within days or hours after his arrest on March 1, 2023. (See Doc. No. 11 at 1); Wallace v. Kato, 549 U.S. 384, 388–90 (2007) (finding that false arrest "is a species of" false imprisonment, and that the petitioner's longer period of false imprisonment ended "when legal process was initiated against him, and the statute would have begun to run from that date"); Dibrell, 984 F.3d at 1162 (tort of false imprisonment challenges detention without legal process; once legal process is initiated—"when, for example, the plaintiff is brought before a magistrate"—"a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim"). This case was not filed until June of 2024, more than one year after Plaintiff was arrested and his detention without legal process ended.

### III. CONCLUSION

In light of the foregoing, Plaintiff's first Motion to Amend/Correct (Doc. No. 10) is **GRANTED**. His second Motion to Amend/Correct (Doc. No. 11) is **DENIED** due to the futility of the requested amendment. The Complaint, as amended, fails to state a claim upon which relief can be granted and is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The

7

dismissal is **WITHOUT PREJUDICE** to (1) Plaintiff's ability to re-file a claim for malicious prosecution if and when he achieves favorable termination of the criminal proceedings against him, and (2) his claims under state law.

In light of this disposition, all remaining pending motions are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

8

Case 3:24-cv-00685    Document 19    Filed 02/11/25    Page 8 of 8 PageID #: 162